(No. 2602—

LESTER HAMPLEMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1938.*

WRIGHT & KAMIN, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Lester Hampleman, claimant, filed his claim to adjust his claim under the Workmen's Compensation Act, with the Clerk of this court, and alleges that on the 30th day of August, 1934, he was employed by the State of Illinois, as a helper in the kitchen in the Illinois State Hospital for the insane at 6400 Irving Park Blvd., Chicago, Illinois, and on that date he was grinding cabbage, and the grinding knife cut off the end of his index finger. Claimant was given first aid. He alleged that he was temporarily disabled for a period of five weeks and in addition thereto, sustained a permanent injury to the index finger of the right hand. He also alleged that he received his wages during the time that he was incapacitated and was allowed to live at the institution. He received $48.60 per month as salary, and it is charged that his board and room was of the value of $24.00 per month, in addition thereto.

No question arises as to notice.

The facts are all stipulated, and it appears from the stipulation that as a result of the accident claimant underwent an operation on the index finger of the right hand; that he made an uneventful recovery from said injury and operation; that Dr. E. Perry Vaughan, would testify to the same effect as the affidavit attached to the stipulation. In this affidavit the Doctor states that the index finger of the right hand is shorter by the length of one phalanx than the index finger of left hand.

Claimant is 25 years of age, and has no children. He makes no claim for medical or surgical services, or for temporary total disability.

It has been the holding of this court that:

Not every state employee is under the Workmen's Compensation Act, but it is only where the employee is engaged in an employment, extra-

hazardous in fact, or employed in a department of the State which is engaged in an enterprise declared to be extra-hazardous by Section 3 of the Workmen's Compensation Act of Illinois, that such employee is under the Act and legally entitled to an award for injuries sustained in the course of and arising out of the employment.

The statute gives this court jurisdiction of the parties and the subject matter.

The claimant was an employee of the Illinois State Hospital and under Section 5 of the Compensation Act, the hospital is defined to be an employer within the meaning of the Act.

Under Subparagraphs 2 and 6 of Subsection (e) of Section 8, it is provided that compensation for the loss of the first phalange of the index finger of the right hand is equal to one-half of fifty percentum of the average weekly wage for forty weeks.

Under the facts in this case, we hold that claimant is under the Compensation Act and entitled to compensation. His employment apparently is definitely within Subsection 7½ of Section 3 of the Compensation Act, and declared to be extra-hazardous thereunder. That provision declares to be extra-hazardous—

"Any enterprise in which sharp edged cutting tools, grinders or implements are used, including all enterprises which buy, sell or handle junk and salvage, demolish or reconstruct machinery, except as provided in subparagraph 8 of this section."

Claimant was injured while operating a grinder used for grinding cabbage, and his employment would, therefore, be declared to be extra-hazardous.

Claimant's wages were $48.60 a month, plus maintenance valued at $24.00 per month, making an annual wage of $871.20, and an average weekly wage of $16.75. The record shows that he had been employed in this capacity for more than a year. He is, therefore, entitled to compensation for the loss of the first phalange of the index finger, which under the statute is equal to one-half of fifty per centum of the average weekly wage for forty weeks, or the sum of $167.50. He did, however, receive compensation from the State during his temporary total disability from August 30 to October 12, a period of 5 5/7 weeks, in the total amount of $95.71. Under Subsection (b) Section 8 of the Compensation Act, claimant was entitled to compensation for temporary total incapacity in a sum equal to fifty per centum of his weekly wage for 5 5/7

weeks, or $47.85. Therefore, claimant was overpaid $47.85 for his temporary total compensation. Deducting this amount from $167.50, the amount due for the specific loss, leaves a balance of $119.65.

An award, therefore, is hereby made to Lester Hampleman in the sum of $119.65, payable in a lump sum.

This award being subject to the provisions of an Act entitled, "An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof," approved July 3, 1937. (Sess. Laws 1937, p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.